## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nancy A. Moreno and Monti Moreno, | Court File No.: 18-CV-2760 (PJS/DTS) |
| Plaintiffs, | |
| v. | |
| Wells Fargo Bank, N.A., | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE** |
| Defendant. | |

## INTRODUCTION

Recognizing its failure to sustain its burden of proof on its own motion for summary judgment, Wells Fargo Bank, N.A. ("**Wells Fargo**") filed the declarations of Blanca Oliver (Doc. 36) and Charles Webber (Doc. 37) on reply (collectively "**the Reply Declarations**"). In so doing, Wells Fargo not only violated this Court's Local Rules that prohibit offering additional evidence on reply, but robbed the parties of a realistic opportunity to meet-and-confer on the topic of Wells Fargo's motion for summary judgment. The Morenos now respectfully request that the Court strike the Reply Declarations or, in the alternative, request that the Court award them the attorneys' fees that they incurred in connection with Wells Fargo's motion for summary judgment and this motion.

## ARGUMENT

**I.  THE COURT SHOULD STRIKE THE DECLARATION OF BLANCA OLIVER AND CHARLES WEBBER BECAUSE WELLS FARGO FAILED TO FILE SUCH DECLARATION IN ITS ORIGINAL MOVING PAPERS OR SHOULD AWARD THE MORENOS ATTORNEYS' FEES.**

Local Rule 7.1(b)(3) permits a moving party to file a "reply memorandum of law" in support of a dispositive motion. But it does not permit a moving party to offer evidence on reply, including additional affidavits or sworn declarations. The 1999 Advisory Committee Note to Local Rule 7.1(b) acknowledges that the rule does not permit reply affidavits and concludes that "[r]eply affidavits are appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated."

This Court has previously stricken or otherwise declined to consider affidavits and sworn declarations submitted on reply memoranda. For example, in *Buffets, Inc. v. Leischow,* the Eighth Circuit upheld this Court's decision to reject evidence submitted with a reply memorandum, reasoning as follows:

> The district court has considerable discretion in applying its local rules, and we conclude that the court did not abuse its discretion by rejecting evidence that Buffets proffered with its reply memorandum. <u>Buffets' evidence was readily available when it filed its initial moving papers</u>, and it was reasonable for the district court to enforce its local requirement that where a movant reasonably should anticipate that an issue will be addressed by the court, the movant must present evidence with its motion rather than wait until a reply, at which point the opposing party has no opportunity to respond in the normal briefing process.[1]

---

[1] 732 F.3d 889, 895 (8th Cir. 2013) (emphasis added).

Then, in *Thomas W. Lyons, Inc. v. Sonus-USA, Inc.*, this Court struck an affidavit based on Local Rule 7.1(b)(3) because it was filed on reply for a motion for summary judgment and the affidavit was therefore not part of the record of the original moving papers.[2]

Here, the Court should strike the Reply Declarations because Wells Fargo could have—and should have—offered such evidence in its initial moving papers. Just like in *Buffets, Inc.*, the Reply Declarations were readily accessible to Wells Fargo when it filed its initial moving papers. Indeed, there is no evidence that the Reply Declarations were somehow unavailable or that Wells Fargo could not have anticipated the Morenos taking it to task for failing to meet Wells Fargo's burden of proof.

Make no mistake: Wells Fargo was required to produce the Reply Declarations in support of its motion. A moving party must establish a *prima facie* case on summary judgment, and can do so by offering admissible evidence in the way of sworn testimony (affidavits, declarations, or deposition testimony) or documents that establish the facts as the moving party claims them.[3] In *Bedford v. Doe,* the Eighth Circuit stated that "[t]he moving party can satisfy its burden in either of two ways: it can produce <u>evidence</u> negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to

---

[2] 2009 WL 306703 *8-9 (D. Minn. 2009); *See also, Black v. Independent School Dist. No. 316,* 476 F.Supp.2d 1115, 1118 n. 2 (D. Minn. 2007)(noting that moving parties should file any affidavits in support of dispositive motions along with their moving briefs).

[3] *Bedford v. Doe,* 880 F.3d 993, 996 (8th Cir. 2018)(citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

carry its ultimate burden of persuasion at trial."[4] In its motion for summary judgment, Wells Fargo chose the former—produce evidence negating an essential element—but failed to produce the actual evidence negating the essential element.

The Court should strike the Reply Declarations as a result of Wells Fargo's failure to comply with Local Rule 7.1(b)(3), but if the Court chooses not to do so, at the very least, the Court should award the Morenos the attorneys' fees they incurred in connection with this motion and in responding to Wells Fargo's motion for summary judgment.

Local Rule 7.1(a) required Wells Fargo to meet-and-confer in a good-faith effort to resolve the issues presented by its motion for summary judgment. To Wells Fargo's credit, its counsel contacted the Morenos' counsel prior to filing its motion for summary judgment to discuss the motion. Wells Fargo even provided a copy of the memorandum of law in support of summary judgment to help facilitate the meet-and-confer. But that memorandum was the exact memorandum that Wells Fargo submitted in support of its motion for summary judgment. The Morenos' counsel carefully reviewed it and, at least in part, determined that the Morenos should not stipulate to the relief requested based on the fact that Wells Fargo could not apparently support the claims it was making (as the Morenos pointed out in their response to summary judgment). Had Wells Fargo presented all of its evidence during the meet-and-confer, the Morenos' counsel may very well have recommended something different. And if he had, the Morenos would not have incurred attorneys' fees to respond to the motion for summary judgment and to draft

---

[4] *Id.* (emphasis added).

this motion. The Court should not condone this bait-and-switch. So if the Court is not inclined to strike the Reply Declarations it should at least award the Morenos the attorneys' fees they incurred.

## CONCLUSION

For the reasons described above, the Court should strike the Reply Declarations or, in the alternative, award the Morenos the attorneys' fees that they incurred in connection with Wells Fargo's motion for summary judgment and this motion.

Dated: October 28, 2019               DOUGHERTY, MOLENDA,
                                      SOLFEST, HILLS & BAUER P.A.


                                      By: */s/ William M. Topka*
                                          William M. Topka (#0339003)
                                          Robert B. Bauer (#227365)
                                      Attorneys for Plaintiffs
                                      14985 Glazier Avenue, Suite 525
                                      Apple Valley, Minnesota 55124
                                      (952) 432-3136
                                      wtopka@dmshb.com
                                      rbauer@dmshb.com